UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES W. VINER, III                                                                                     PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:13-CV-01143-CRS

JUSTIN WOODS, ET AL.                                                                           DEFENDANTS

## **MEMORANDUM OPINON**

This matter is before the Court on the following motions:

> 1) a motion to remand (DN 20) filed by Plaintiff James W. Viner, III ("Plaintiff") against Defendants Justin Woods ("Woods"), Cincinnati Insurance Company ("Cincinnati"), Praetorian Insurance Company ("Praetorian"), Aspen American Insurance Company ("Aspen"), and AXA Art Insurance Corporation ("AXA") (collectively "Defendants");
>
> 2) a motion to stay (DN 27) the Court's ruling on all other submitted motions pending the resolution of the motion to remand filed by Plaintiff;
>
> 3) motions to bifurcate (DNs 7, 31) filed by Defendants Cincinnati, Praetorian, Aspen, and AXA; and
>
> 4) motions for judgment on the pleadings or, in the alternative, to compel Plaintiff to appear for an examination under oath (DNs 24 30) filed by Defendants Cincinnati, Praetorian, Aspen, and AXA.

For the reasons set forth below, the Court will deny the motion to remand and the motions for judgment on the pleadings, but will grant the motions to bifurcate and the motions to compel.

## **BACKGROUND**

Unless otherwise indicated, the following facts are undisputed. This action arises out of an alleged burglary of Plaintiff's primary residence which resulted in the theft of Plaintiff's

1

personal wine collection allegedly valued at between 4–5 million dollars as well as personal effects allegedly valued at $299,003.50. At the time of the burglary, Plaintiff's wine collection was insured by Defendants Aspen, Praetorian, and AXA, while his personal effects were insured by Defendant. Seeking compensation for his losses, Plaintiff submitted an insurance claim to Defendants Aspen, Praetorian, and AXA for damages sustained to his wine collection, as well as a separate claim to Defendant Cincinnati for damages sustained to his personal effects.

Upon receipt of Plaintiff's claims, Defendants Aspen, Praetorian, AXA, and Cincinnati attempted to schedule an examination under oath in order to investigate the nature and origin of Plaintiff's losses. Prior to conducting the examination, however, Defendants requested that Plaintiff submit various claims-related documents which were required to be submitted under the terms of Plaintiff's policies. Due to Plaintiff's repeated failure to comply with Defendants' requests that he submit these documents, the examination under oath was never scheduled and Plaintiff has yet to submit to examination.[1]

On October 25, 2012, Plaintiff filed the present action in Jefferson County Circuit Court asserting the following claims against Defendants Aspen, Praetorian, AXA, and Cincinnati:

1) breach of contract based on their failure to provide appropriate insurance coverage for the loss sustained to his personal wine collection;

2) violation of the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA") by refusing to pay claims without conducting a reasonable investigation;

3) violation of the Kentucky Consumer Protection Act ("KCPA") by engaging in unfair, false, misleading, and deceptive acts in the course of soliciting Plaintiff's insurance policies.

---

[1] Based on allegations in his Complaint, Plaintiff apparently disputes the extent to which he failed to comply with Defendants' requests for claims-related documents. However, because the Court's ruling does not rely on Plaintiff's failure to respond to Defendants' requests, this dispute is irrelevant.

(Complaint, DN 1-1, ¶¶ 8–89). In addition to these claims, Plaintiff also asserted a claim of conversion against Defendant Woods based on his alleged theft of certain "items from [Plaintiff's] residence." (Complaint, DN 1-1, ¶ 7).

On November 14, 2013, Defendant Praetorian removed the action based on diversity jurisdiction. (DN 1). On November 15, 2013, Defendants Aspen, Praetorian, and AXA filed a joint motion to bifurcate trial and stay discovery (DN 7) with respect to Plaintiff's KUCSPA and KCPA claims pending resolution of the underlying breach of contract claim. On November 21, 2013, Plaintiff filed a motion to remand the action based on 28 U.S.C. § 1441(b)(2)'s "forum defendant rule," arguing that removal was inappropriate because Plaintiff and Defendant Woods are both citizens of Kentucky.

On December 3, 2013, Defendants Aspen, Praetorian, and AXA filed a joint motion for judgment on the pleadings or, in the alternative, a joint motion to compel Plaintiff to present for an examination under oath. (DN 24). On December 10, 2013, Plaintiff filed a motion to stay (DN 27) the Court's ruling on the motion for judgment on the pleadings pending resolution of his motion to remand. On January 3, 2014, Defendant Cincinnati filed its own motion for judgment on the pleadings or, in the alternative, motion to compel Plaintiff to present for an examination under oath (DN 30), as well as a motion to bifurcate trial and stay discovery (DN 31).

Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the motions submitted for decision.

## STANDARD

i.  **Motion to Remand**

A defendant may remove a civil case from state court provided that it could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over actions between parties that are citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). However, 28 U.S.C. § 1441(b)(2) provides that "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Known as the "forum defendant rule," this provision precludes removal where one of the named defendants—whether or not the removing defendant—is a citizen of the forum state.

Importantly, however, "fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). "Fraudulent joinder is a judicially created exception to the normal rule requiring complete diversity, designed to prevent plaintiffs from using procedural shenanigans to defeat removal." *Cantrell v. Owners Ins. Co.*, No. 13-143-ART, 2014 WL 1168807, at *1 (E.D. Ky. Mar. 21, 2014). "To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law." *Coyne*, 183 F.3d at 493. In deciding whether a defendant has been fraudulently joined, the Court "must resolve all disputed questions of fact and ambiguities in the controlling... state law in favor of the nonremoving party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.*

On the other hand, remand is appropriate provided that there is "a colorable basis for predicting that a plaintiff may recover against non-diverse defendants." *Id.* In evaluating whether the plaintiff's claim has a "colorable basis," courts employ "a test similar to, but more lenient

4

than, the analysis applicable to a Rule 12(b)(6) motion to dismiss," *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012). However, the pleading standard by which colorability is judged must be based on state law. *See Combs v. ICG Hazard, LLC*, 934 F. Supp. 2d 915, 923 (E.D. Ky. 2013); *In re Darvocet, Darvon & Propoxyphene Products Liab. Litig.*, 889 F. Supp. 2d 931, 940 (E.D. Ky. 2012).

## DISCUSSION

**i. Motion to Remand**

Defendants argue that the motion to remand should be denied because Plaintiff's conversion claim against Defendant Woods lacks a "colorable basis" under Kentucky law such that Woods must be deemed to have been fraudulently joined. Although Defendants base their argument on federal pleading standards, the Court must instead consider whether Plaintiff adequately pled his conversion claim under Kentucky Civil Rule 8.01. CR 8.01 requires that "A pleading which sets forth a claim for relief… shall contain a short and plain statement of the claim showing that the pleader is entitled to relief." In *Fox v. Grayson*, 317 S.W.3d 1 (Ky. 2010), the Kentucky Supreme Court explained that dismissal is appropriate only where the plaintiff "would not be entitled to relief under any set of facts which could be proved." *Id.* at 7. However, notwithstanding the liberality of this standard and the consequent simplicity with which plaintiffs are entitled to state their claims for relief, the Kentucky Supreme Court has consistently held since *Johnson v. Coleman*, 288 S.W.2d 348 (1956), that the rule's liberality is "not so great as to obviate the necessity of stating the elements of a cause of action." *Id.* at 349.[2]

---

[2] *See Sec. Trust Co. v. Dabney*, 372 S.W.2d 401, 407 (Ky. 1963) ("It is, of course, elementary that under the Civil Rules a complaint need only give fair notice of a cause of action and the relief sought. But still it must disclose a cause of action."); *Morgan v. O'Neil*, 652 S.W.2d 83, 85 (Ky. 1983) ("While it is true that the Rules of Civil Procedure with respect to stating a cause of action should be liberally construed and that much leniency should be shown in construing whether a complaint on which a default judgment is based states a cause of action, this Court cannot read away the requirement of Civil Rule 8.01 which requires '... a short and plain statement of the claim

5

In his Complaint, Plaintiff sets forth his claim of conversion as follows:

> On or about April 2, 2013, Defendant Woods, illegally entered the home of Plaintiff James Viner located at 7404 Cedar Bluff Court, Prospect, Kentucky 40059 and admittedly stole items from the residence.

(Complaint, DN 1-1, at ¶ 7). According to the Kentucky Supreme Court,

> The elements necessary to prove a conversion claim established in case law are: (1) the plaintiff had legal title to the converted property; (2) the plaintiff had possession of the property or the right to possess it at the time of the conversion; (3) the defendant exercised dominion over the property in a manner which denied the plaintiff's rights to use and enjoy the property and which was to the defendant's own use and beneficial enjoyment; (4) the defendant intended to interfere with the plaintiff's possession; (5) the plaintiff made some demand for the property's return which the defendant refused; (6) the defendant's act was the legal cause of the plaintiff's loss of the property; and (7) the plaintiff suffered damage by the loss of the property.

*Kentucky Ass'n of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 637 n. 12 (Ky. 2005) (quoting 90 C.J.S. Trover and Conversion § 4 (2004)).

Clearly, Plaintiff's Complaint is woefully insufficient under Kentucky law to state a claim for relief based on conversion. Among the necessary elements that Plaintiff has failed to plead are:

1) that Plaintiff had legal title to the items allegedly stolen from the residence;
2) that Plaintiff had possession of or the right to possess the items stolen from the residence at the time of the alleged conversion;
3) that Defendant Woods exercised dominion over the property in a manner which denied Plaintiff his rights to use and enjoy the property and which was to Defendant Woods' own use and beneficial enjoyment;
4) that Plaintiff made some demand for the property's return which Defendant Woods refused;

---

showing that the pleader is entitled to relief....' There must be maintained some minimum standard in the art of pleading which must be met.").

5) that Defendant Woods' actions were the legal cause of Plaintiff's loss of the property; and
6) that Plaintiff suffered damage by the loss of the property.

Consistent with *Coleman*'s mandate that CR 8.01's liberal pleading standard does not "obviate the necessity of stating the elements of a cause of action," the Court concludes that Plaintiff has failed to adequately plead a claim of conversion under Kentucky law. Because Plaintiff therefore lacks a "colorable basis" for his conversion claim, Defendant Woods shall be deemed to have been fraudulently joined such that the forum defendant rule does not require remand. Accordingly, the motion to remand will be denied.

**ii. Motions to Bifurcate (DNs 7, 31)**

Defendants Aspen, Praetorian, AXA, and Cincinnati have each moved to bifurcate trial (DNs 7, 31) pursuant to Fed. R. Civ. P 42.02(b) in order to separately try Plaintiff's breach of contract claim prior to his KUCSPA and KCPA claims. Because Plaintiff has wholly failed to respond, the motions to bifurcate trial will be granted.

**iii. Motion for Judgment on the Pleadings or, in the alternative, Motion to Compel (DNs 24, 30) and Motion to Stay (DN 27)**

Defendants Aspen, Praetorian, AXA, and Cincinnati have each moved for judgment on the pleadings based on Plaintiff's refusal to participate in an examination under oath as required under the terms of Plaintiff's insurance policies. In the alternative, Defendants have moved to compel Plaintiff to submit to an examination under oath. (DNs 24, 30). In response, Plaintiff has filed a motion to stay the Court's decision on these motions pending resolution of his motion to remand. Having already resolved the motion to remand, the motion to stay will be denied as moot.

In opposition to the motions for judgment on the pleadings and motions to compel, Plaintiff argues only that he should not be required to submit to an examination under oath because:

> [B]eginning in April 2013, Plaintiff provided to Defendants the following dates that Plaintiff James Viner and his counsel were available for a sworn statement, Examination Under Oath: May 13, 14, 15, 16, 17, 2013; June 4, 12, 13, 17, 20, 21, 24, 26, 27, 28, 2013; July 1, 2, 3, 5, 8, 9, 11, 12, 2013; September 3, 4, 5, 6, 10, 11, 12, 13, 16, 17, 18, 19, 20, 23, 24, 25, 26, 27, 30, 2013. All of these 42 opportunities were ignored by Defendants. Since this action was filed, Plaintiff Viner offered the following dates for a deposition of Plaintiff Viner to be conducted pursuant to the Federal Rules of Civil Procedure; December 10, 12, 13, 30, 2013 and January 2, 7, 9, 10, 13, 14, 15, 17, 20, 21, 22, 27, 28, 29, 2014. All of these 18 opportunities have been ignored.

Thus, Plaintiff's sole argument appears to be that an examination under oath should not be required because he previously provided Defendants with the opportunity to examine him such that their failure to do so is no one's fault but their own.

Although Defendants are correct that Plaintiff's participation in an examination under oath is a condition precedent to their obligations under the insurance contracts, the Court concludes that they have not carried their burden of demonstrating that judgment on the pleadings is warranted. In accordance with *Cincinnati Ins. Co. v. Taylor*, CIV.A.1:01CV-102-M, 2003 WL 1742148 (W.D. Ky. Mar. 26, 2003), failure to participate in an examination under oath warrants judgment as a matter of law only if the defendant shows that it was prejudiced thereby. Because Defendants' arguments focus solely on the fact that Plaintiff failed to submit to an examination under oath and do not in any way address prejudice, the Court will deny the motion for judgment on the pleadings.

With respect to the motion to compel, however, the Court concludes that it must be granted because, regardless of who is to blame for it having not taken place, the terms of Plaintiff's insurance policies clearly require an examination under oath. Accordingly, the motion to compel will be granted and Plaintiff will be required to submit to an examination under oath at a time mutually convenient to the parties.

A separate order will be entered in accordance with this opinion.

**Charles R. Simpson III, Senior Judge**
**United States District Court**

April 24, 2014